MANDATE

20-2791-cv
*Bockus v. Maple Pro, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-one.**

PRESENT:
        PIERRE N. LEVAL,
        GERARD E. LYNCH,
        JOSEPH F. BIANCO,
            *Circuit Judges*.

---

Timothy Bockus,

    *Plaintiff-Appellant*,

    v.                20-2791-cv

Maple Pro, Inc.,

    *Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:    John Lewis Franco, Jr., Law Office of John L. Franco, Jr., Burlington, VT.

FOR DEFENDANT-APPELLEE:    Thomas C. Nuovo, Bauer, Gravel, & Farnham, Colchester, VT.

MANDATE ISSUED ON 04/09/2021

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Timothy Bockus, a former district sales manager for Defendant-Appellee Maple Pro, Inc. ("Maple Pro"), appeals from the June 19, 2020 judgment of the United States District Court for the District of Vermont, granting Maple Pro's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, he challenges the dismissal of his sex- and age-based discrimination claims, which he brought against Maple Pro under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Vermont Fair Employment Practices Act ("VFEPA"), Vt. Stat. Ann. tit. 21, § 495.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision.

The complaint alleges that Bockus was terminated because he is a man and due to his age (as he was 58 years old at the time of his termination). According to the complaint, in 2019, Bockus received a termination notice from Maple Pro—his employer of nearly 13 years—stating: "[W]e recently received complaints about some inappropriate behavior done by you toward coworkers. Following these complaints, we conducted an investigation that brought to light a

---

[1] The complaint also asserted a claim for breach of implied contract. After dismissing Bockus's federal and state law discrimination claims, the district court declined to exercise supplemental jurisdiction over this remaining claim. Bockus does not challenge that decision on appeal.

pattern of disrespectful and inappropriate conduct with many of your coworker[s]." App'x at 4. During the course of his subsequent application for unemployment benefits, Bockus further learned that the investigation specifically related to complaints that he had sexually harassed certain of his coworkers. Bockus highlights that Maple Pro neither spoke with him about the allegations during its investigation nor provided him with the details of his coworkers' complaints. Furthermore, according to Bockus, the Vermont Department of Labor determined that the sexual harassment allegations were unsubstantiated.

We review *de novo* a district court's decision to grant a motion to dismiss under Rule 12(b)(6). *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). In doing so, "we are not to give effect to a complaint's assertions of law or legal conclusions couched as factual allegations; we are to accept well pleaded factual assertions as true; and we are to draw all reasonable factual inferences in favor of the plaintiff." *Lynch v. City of New York*, 952 F.3d 67, 75–76 (2d Cir. 2020). Additionally, at the motion to dismiss stage, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

**I.    The Title VII Claim**

Under Title VII, it is unlawful for employers to, among other things, "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). As it relates to the claim in this case, we have

3

made clear that Title VII "requires that, in the course of investigating [sexual harassment] claims, employers do not presume male employees to be 'guilty until proven innocent' based on invidious sex stereotypes." *Sassaman v. Gamache*, 566 F.3d 307, 314 (2d Cir. 2009). Claims brought pursuant to Title VII are analyzed under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). *See Littlejohn*, 795 F.3d at 312. In particular, "absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff [1] is a member of a protected class, [2] was qualified, [3] suffered an adverse employment action, and [4] has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id.* at 311. On appeal, the parties' sole dispute centers on whether Bockus's complaint adequately alleges discriminatory intent.

To be sure, "at the initial stage of the litigation" in a Title VII case, "the plaintiff does not need substantial evidence of discriminatory intent." *Id.* Instead, the plaintiff "need only give plausible support to a minimal inference of discriminatory motivation." *Id.*; *accord Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86–87 (2d Cir. 2015). However, even under this "minimal burden," *Littlejohn*, 795 F.3d at 311, the plaintiff must allege sufficient allegations to "nudge[ ] [his] claims across the line from conceivable to plausible." *Vega*, 801 F.3d at 87 (first alteration in original) (quoting *Twombly*, 550 U.S. at 570).

With these principles in mind, we conclude that the district court properly dismissed Bockus's Title VII claim.[2] In Bockus's own words, "[t]he gist of [his] sex discrimination claim is

---

[2] As a threshold mater, we disagree with Bockus's contention that the district court "erred by stating that invidious comments are necessary to establish that the employer engaged in sex stereotyping." Appellant's Br. at 14. Such a statement is not found in the district court's well-reasoned analysis. Instead, the district court properly explained in its decision on Maple Pro's motion to dismiss that "[a]n inference of

that th[e] decision to terminate [his] employment without even talking with him about the allegations was based on sex stereotyping that men accused of sexual harassment are likely guilty of it." Appellant's Br. at 11.  Yet, even though he worked there for nearly 13 years, he does not allege that anyone at Maple Pro ever said or did anything that suggested, prior to his termination, that Maple Pro treated men less favorably as a group, or otherwise operated on the basis of sex stereotyping.  Instead, Bockus exclusively relies on "the sequence of events leading to [his] discharge"—namely, the failure to interview him regarding the sexual harassment allegations—to attempt to raise an inference that Maple Pro's decision to terminate him was motivated by discriminatory sex stereotyping.  *Littlejohn*, 795 F.3d at 312.  However, we agree with the district court that his threadbare allegations in that regard cannot sustain even the "minimal burden" of raising an inference that Maple Pro was motivated by discriminatory intent.  *See id.* at 311.  In fact, his complaint is so conclusory that, while claiming sex stereotyping, it does not even identify the gender of the co-workers allegedly subject to harassment by him.  In short, his generalized allegations do not move his complaint "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  Accordingly, we affirm the district court's dismissal of Bockus's Title VII claim.

## II.   The ADEA Claim

As is relevant here, the ADEA prohibits employers from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

---

discrimination can arise from a variety of circumstances," including, *inter alia*, an employer's invidious comments concerning employees in a protected class.  App'x at 12; *see also id.* at 20–21, 22 n.3 (reiterating this standard in its decision on Bockus's motion for reconsideration).

Like his Title VII claim, Bockus's ADEA claim is analyzed under the *McDonnell Douglas* framework. *See Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) ("It is well established that the burden-shifting framework set forth by the Supreme Court in [*McDonnell Douglas*] applies to claims brought under the ADEA."); *accord Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 128–29 (2d Cir. 2012). "To establish a prima facie case, a plaintiff with an age discrimination claim must show '(1) that []he was within the protected age group, (2) that []he was qualified for the position, (3) that []he experienced adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination.'" *Bucalo*, 691 F.3d at 129 (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010)). Moreover, "a plaintiff alleging age discrimination under the [ADEA] must allege 'that age was the "but-for" cause of the employer's adverse action.'" *Vega*, 801 F.3d at 86 (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)). As with Bockus's sex discrimination claim, the parties' only dispute on appeal is whether Bockus sufficiently alleged that "the [adverse employment] action occurred under circumstances giving rise to an inference of discrimination." *Bucalo*, 691 F.3d at 129 (quoting *Gorzynski*, 596 F.3d at 107).

Once again, Bockus alleges no facts that could give rise to a plausible inference of age discrimination. Indeed, other than listing his age and date of birth, the complaint does not contain any allegations whatsoever relating to his age. Thus, the complaint fails to raise any inference that Maple Pro terminated Bockus because of his age. As the Supreme Court has stated, complaints like this one that "tender[] 'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice, even at the motion to dismiss stage. *Iqbal*, 556 U.S. at 678 (second alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In his brief, Bockus contends that his "claim of both sex stereotyping-plus-age discrimination is a claim of 'intersectional discrimination.'" Appellant's Br. at 8 (citing *Gorzynski*, 596 F.3d at 109–10). We recognize that, "where two bases of discrimination exist, the two grounds cannot be neatly reduced to distinct components." *Gorzynski*, 596 F.3d at 110. However, consideration of his age discrimination claim in concert with his sex discrimination claim under Title VII, or vice versa, does not render his desired inference of unlawful discrimination from his conclusory allegations any more plausible. In sum, the district court properly dismissed Bockus's ADEA claim.

### III.  The VFEPA Claims

We reach the same conclusion with respect to Bockus's state law sex- and age-based discrimination claims. The district court properly found that "the standards and burdens of proof under [V]FEPA are identical to those under Title VII." *Hodgdon v. Mt. Mansfield Co.*, 624 A.2d 1122, 1128 (Vt. 1992) (discussing application of Title VII analytical framework to VFEPA sex discrimination claim); *accord Payne v. U.S. Airways, Inc.*, 987 A.2d 944, 948 (Vt. 2009); *see also Carpenter v. Cent. Vt. Med. Ctr.*, 743 A.2d 592, 594–95 (Vt. 1999) (applying Title VII analytical framework to age discrimination claim under VFEPA). Accordingly, for the reasons set forth above with respect to Bockus's federal claims, his challenge to the dismissal of his VFEPA claims likewise fails due to the lack of any plausible inference of discriminatory intent.

\*       \*       \*

We have considered all of Bockus's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

8

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit